# NEWS FROM THE COURTS

## R.I. Supreme Court Issues Orders On Disciplinary Matters

**Supreme Court**
**In the Matter of Christopher F. Long: No. 2005-030 M.P.**

**ORDER**

The Respondent, Christopher F. Long, is a ember of the Bar of this State. On Novem- r 8, 2004, the Supreme Judicial Court of the mmonwealth of Massachusetts entered an der suspending the Respondent from the actice of law in the Commonwealth of Mass- husetts for an indefinite period. The factu- basis for that suspension was Respondent's sappropriation of funds from a probate es- e. He will be eligible to apply for readmis- n to practice law in the Commonwealth five ars from the effective date of that Order.

On November 26, 2004, this Court's Disci- nary Counsel filed a Petition for the Impo- ion of Reciprocal Discipline in this State in ordance with the provisions of Article III, le 14 of the Supreme Court Rules of Disci- nary Procedure. The Respondent was di- ted to inform this Court of any claim he may ve that the imposition of identical discipline this State would be unwarranted, and the sons therefore, prior to January 20, 2005. The Respondent did not submit a written position to the petition. He was present for s Court's Conference on January 20, 2005, t voluntarily waived his right to appear ore the Court.

After review of the Petition, and hearing no position thereto, we deem that the imposi- n of reciprocal discipline is warranted in s case. Accordingly, it is hereby ordered, udged and decreed that the Respondent, ristopher F. Long, is suspended from the ctice of law in this State for five years from date of this Order. He is not eligible to ap- for readmission to the practice of law in s State until he is readmitted to practice in Commonwealth of Massachusetts.

Entered as an Order of this Court this 21st y of January, 2005.

* * *

**Supreme Court**
**In the Matter of John G. Hellew: No. 2003-346 M.P.**

**ORDER**

On June 25, 2003, this Court suspended the above-named attorney from the practice of law in this State for a period of one year commencing July 25, 2003. On September 9, 2004, pursuant to the provisions of Article III, Rule 16 of the Supreme Court Rules of Disciplinary Procedure he filed his Petition for Reinstatement to the practice of law. Disciplinary Counsel conducted an investigation into Mr. Hellew's present fitness to resume the practice of law, and submitted a report and recommendation to this Court in accordance with Article III, Rule 5(b)(4). It is the recommendation Disciplinary Counsel that the Petition be granted, under the conditions that upon reinstatement the Petitioner must be required to submit copies of his client and general account statements to counsel on a monthly basis for a period of one year, and that the Petitioner continue treatment for his admitted compulsive gambling.

On January 20, 2005 the Petitioner appeared before the court and made representations in support of his Petition. Disciplinary Counsel was also present.

After reviewing the report from Disciplinary Counsel and hearing the representations of the Petitioner, we are of the opinion that the Petition for Reinstatement be granted, subject to the following terms and conditions:

1. That the Petitioner shall forward to Disciplinary Counsel, on a monthly basis, copies of the financial records of his client and business accounts. This condition shall remain in effect for one year.

municate with Disciplinary Counsel regarding the nature and course of that treatment. The Petitioner shall submit to Disciplinary Counsel, on a monthly basis, a report regarding his treatment. This condition shall remain in effect until further order of this Court.

Entered as an Order of this Court this 21st Day of January, 2005.

By Order
Michael Cafferty
Clerk

* * *

**Supreme Court**
**In the Matter of Frank Mattera: No. 2003-515 M.P.**

**ORDER**

The Petitioner, Frank Mattera, has filed his Petition for Reinstatement to the practice of law pursuant to Article III, Rule 16 of the Supreme Court Rules of Disciplinary Procedure. The Petitioner was suspended from the practice of law by this Court on March 9, 1005 pending the outcome of his appeal from a conviction of one count of solicitation or acceptance of a bribe by an agent, employee or public official in violation of R.I.G.L. §11-7-3. He was sentenced to a term of imprisonment of seven years, with four years of that sentence to be served, three years suspended, and three years of probation. On March 8, 1996 this Court affirmed his conviction and denied and dismissed his appeal. See *State v. Mattera*, 671 A.2d 1227 (R.I. 1996). On March 26, 1998 he was disbarred by this Court, with the effective date of that disbarment made retroactive to April 8, 1995. His sentence was later reduced to three years to serve in prison, with four years

Counsel has recommended that we deny the petition. After hearing the representations of Petitioner and his counsel, and after review of a report submitted by Disciplinary Counsel, we find that the Petitioner has not presently satisfied our requirements for reinstatement.

Article III, Rule 16(c) provides, in pertinent part:

"[T]he respondent-attorney shall have the burden of demonstrating by clear and convincing evidence that he or she has the moral qualifications, competency and learning in law required for admission to practice law in this state and that his or her resumption of the practice of law within the state will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest."

Pursuant to Rule 16, a disbarred attorney may not apply for reinstatement for at least five years from the effective date of the disbarment. We have previously determined that this five-year period is a minimum period in which rehabilitation may occur following disbarment and that in some circumstances the showing of present fitness may require a lengthier period of rehabilitation. See *In Re: Romano*, 615 A.2d 476 (R.I. 1992). The nature of the offense and the time elapsed since its commission are relevant and important considerations in determining whether a disbarred attorney should be returned to a position of public trust. In circumstances such as here, where the Petitioner, while acting as an assistant solicitor, solicited a bribe in return for the dismissal of a criminal charge, a lengthier period of time, and more compelling evidence of rehabilitation, is required.

For the reasons stated above, the Petition for Reinstatement of Frank Mattera is denied without prejudice to his reapplying at a later time.

Entered as an Order of this Court this 21st Day of January, 2005.